IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROYDELL SHANNON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2447 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Roydell Shannon, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging a disciplinary conviction. Respondent filed a motion for summary judgment, asserting that petitioner failed to exhaust administrative remedies prior to filing this lawsuit. (Docket Entry No. 17.) The certificate of service attached to the motion for summary judgment reflects that petitioner was served a copy of the motion on July 31, 2009, at his address of record. *Id.*, p. 10. Despite expiration of a period of time well in excess of thirty days, petitioner has failed to file, or request additional time to file, a response to the motion for summary judgment.

Based on consideration of the pleadings, the motion and exhibits, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

### *Background and Claims*

Petitioner was charged with a prison disciplinary infraction after testing positive for use of marijuana. He was found guilty on May 19, 2008, and punished with, among other things, a loss of thirty days good time credit. Records submitted by respondent evince that petitioner is eligible for mandatory supervised release. (Docket Entry No. 17, Exhibit A.) Petitioner did not submit a Step 1 grievance administratively appealing the disciplinary conviction until June 5, 2008. The grievance was returned to petitioner unprocessed because the time to file the administrative appeal had expired. Petitioner did not submit a Step 2 grievance, and filed the instant habeas petition on August 5, 2008.

Respondent moves to summarily dismiss this petition for petitioner's failure to exhaust administrative remedies. Petitioner does not contest the summary judgment motion.

### *The Applicable Legal Standard*

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the district court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

### *Analysis*

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. §§ 2254(b), (c). A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

Rules for offenders in custody of the Texas Department of Criminal Justice provide that disciplinary decisions may be appealed by filing a step one grievance. If not then satisfied, the offender may file a step two grievance for appeal purposes. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Any claim that a petitioner failed to pursue in his step one and step two grievances is unexhausted.

Because petitioner in the instant case did not appeal timely from his disciplinary conviction through step one and step two grievances, he did not exhaust available administrative remedies before seeking federal habeas corpus relief. *See Woodford v. Ngo*, 548 U.S. 81 (2006) (holding that inmates must properly exhaust administrative remedies, and that the prison's grievance requirements control what constitutes proper exhaustion through the prison grievance procedures). Because the time for petitioner to seek administrative relief has expired, his claims are now procedurally defaulted and barred from consideration by this Court. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991) (federal habeas courts are barred from considering claims when a petitioner fails to satisfy state procedural

3

requirements as to those claims). Because petitioner shows neither good cause nor prejudice for overcoming the procedural default, his claims are barred from consideration by this Court. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 17) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on December 15, 2009.

_____
Gray H. Miller
United States District Judge